UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

THOMAS J. MATTHEWS,

                                        Plaintiff,

            -v.-                                                    6:00-CV-1482
                                                                        (LEK/DRH)

KENNETH APFEL
*Commissioner of Social Security*


                                        Defendant.

_____

APPEARANCES:                              OF COUNSEL:

B. BROOKS BENSON
Lockwood, Golden Law Firm
Attorney for Plaintiff

GLENN T. SUDDABY                          WILLIAM H. PEASE
United States Attorney                    Assistant United States Attorney
Attorney for Defendants


LAWRENCE E. KAHN, United States District Judge

<u>**DECISION AND ORDER**</u>

        Thomas J. Matthews ("Plaintiff") originally moved, in this action for Social Security

benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. § 406(b) on October 18, 2005.

Motion for attorney's fees (Dkt. No. 17).  At the joint request of Plaintiff and Defendant

Commissioner of Social Security ("Defendant"), this Court stayed Plaintiff's Motion for attorney's

fees until the staff of the Social Security Administration's Northeastern Program Service Center

("NEPSC") completed their determination of plaintiff's past-due benefits.  <u>See</u> Order (Dkt. No. 21).

Upon the NEPSC's determination of Plaintiff's past-due benefits and Plaintiff's request, the Court

lifted the stay and restored the Motion for attorney's fees. <u>See</u> Order (Dkt. No. 23).

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002), the Supreme Court held § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Instead, § 406(b) requires courts to review these fee arrangements independently and ensure that the arrangements yield reasonable results. <u>See</u> <u>id.</u> Contingent-fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. <u>Id.</u>; 42 U.S.C. § 406(b)(1)(A). After reviewing the contingent-fee agreement itself, the Court examines the character of the representation and the results achieved by counsel. <u>Id.</u> at 808.

In the instant matter, Plaintiff's counsel has requested $10,866.00 for 40.6 hours of work be paid from funds withheld from the Plaintiff's past-due benefits. Plntf's Affidavit (Dkt. No. 17) at 2. Plaintiff's counsel originally undertook the representation based on a 25% contingent-fee agreement. <u>Id.</u> However, Plaintiff agreed with his counsel's request for fees amounting to less than the agreed-to 25% of past-due benefits. Atty's Affidavit (Dkt. No. 17) at ¶10. The Social Security Administration ("SSA") sent Plaintiff a supplemental award notice on February 7, 2006 notifying him that he would receive past-due benefits, including funds withheld to pay for attorney's fees, totaling $120,754.20. On October 11, 2005, SSA approved Plaintiff's counsel's $7,000 fee for his representation of Plaintiff in proceedings before SSA. Exhibit D (Dkt. No. 17). As a result, the total fees collected by Plaintiff's counsel in this matter, including the fees request currently before the Court and the fees approved by SSA, will amount to less than 15% of Plaintiff's total past-due benefits. Plntf's Letter in support of Motion (Dkt. No. 25) at 1. Defendant states that the request does not appear to be unreasonable, and does not object to the fees request made by Plaintiff's counsel. Deft's Response (Dkt. No. 24) at 1.

After reviewing the facts noted above, the Court finds that Plaintiff's request is reasonable and grants Plaintiff's Motion for attorney's fees. The total fees amount to under 15% of the benefits awarded to Plaintiff, significantly under the 25% that is presumptively reasonable. Moreover, Plaintiff's attorney successfully concluded the proceedings to Plaintiff's satisfaction and agreed to depart from his contingent-fee agreement with Plaintiff. See Plntf's Affidavit (Dkt. No. 17) at 2. Furthermore, Defendant raised no objection to Plaintiff's counsel's request and stated that "the amount does not seem so large as to be a windfall to the attorney."

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 17) is hereby **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     November 06, 2006
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

3